NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0212n.06

Case No. 19-6035

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 15, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SHELDON CARMON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CSX TRANSPORTATION, INC., | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellee. | ) | |

BEFORE: BATCHELDER, GIBBONS, and SUTTON, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** CSX Transportation, Inc. (CSX) employed Sheldon Carmon as a welder and, while on the job, Carmon tripped on a signal wire that was partially above ground, fell, and sustained serious injuries. Carmon sued CSX pursuant to the Federal Employers Liability Act (FELA), 45 U.S.C. §§ 51-60, claiming that CSX was negligent in its installation, inspection, and maintenance of the signal wire, and thereby failed to provide him with a safe workplace. CSX moved for summary judgment, asserting that Carmon had no evidence concerning the installation of the wire, much less that it was done negligently; could not rebut CSX's proffered evidence of its inspection practices; and could not show that its maintenance was negligent because he had no evidence that CSX had actual or constructive knowledge that this particular wire was out of place or posing a danger. The district court agreed, finding that Carmon "has not carried his burden to show that [CSX] had actual or constructive notice of the alleged exposed signal wire, a necessary element for his claim of negligence under FELA," and granted summary judgment. *Carmon v. CSX Transportation, Inc.*, No. 3:17-cv-00966, 2019 WL

3857895, at *5 (M.D. Tenn. Aug. 15, 2019) ("[Carmon]'s conclusory and unsupported assertions are insufficient to create a genuine issue of material fact and defeat summary judgment."). Carmon appealed, arguing that the district court's assessment of the evidence was incorrect and that he had produced sufficient evidence to create a genuine question of material fact for determination by a jury and to overcome summary judgment. Carmon also raises a new theory on appeal that he did not raise to the district court; namely, that Carmon's coworker, who was with him when he tripped and fell, had seen the exposed wire but had failed to warn Carmon and, Carmon argues, that failure was negligence imputable to CSX. But for "rare circumstances," which are neither argued nor present in this case, we do not consider arguments raised for the first time on appeal. *Swanigan v. FCA US LLC*, 938 F.3d 779, 787 (6th Cir. 2019).

After carefully reviewing the law, the arguments before the district court, and the record evidence, we conclude that the district court correctly assessed the proffered evidence and correctly applied the law to it. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.